John D. Tran, Esq. (Cal. Bar No. 231761)
Rosalind Ong, Esq. (Cal. Bar No. 234326)
RHEMA LAW GROUP, P.C.
1 Park Plaza Suite 600
Irvine, CA 92614
Telephone: (949) 852-4430
Facsimile: (866) 929-3519
jdt@rhemalaw.com
rto@rhemalaw.com

Attorneys for Plaintiff
Twist It Up, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWIST IT UP, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ANNIE INTERNATIONAL INC., a Pennsylvania corporation and DOES 1-10,<br><br>Defendants. | Case No: 8:24-cv-00736<br><br>COMPLAINT FOR INJUNCTION AND DAMAGES FOR:<br><br>(1). PATENT INFRINGEMENT<br>(2). PATENT INFRINGEMENT<br>(3). FEDERAL TRADEMARK REGISTRATION INFRINGEMENT<br>(4). FEDERAL FALSE DESIGNATION OF ORIGIN;<br>(5). FEDERAL TRADE DRESS INFRINGEMENT<br>(6). UNFAIR COMPETITION AND BUSINESS PRACTICES PURSUANT TO CAL. BUS. & PROF. CODE § 17200, et. seq.;<br>(7). CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT |

1

Plaintiff Twist It Up, Inc. ("Plaintiff," or "Twist"), for themselves alone in their Complaint against Annie International, Inc. ("Defendant") and DOES 1-10 ("DOES Defendants") (hereby collectively as "Defendants") allege as follows:

## JURISDICTION AND VENUE

1. This is an action involving claims of patent infringement under Title 35 U.S.C. §271, federal trademark infringement pursuant 15 U.S.C. § 1114, federal false designation of origin pursuant and trade dress infringement pursuant to 15 U.S.C. §1125, unfair competition under the Lanham Act, 15 U.S.C. §§ 1051 et seq., and claims for unfair competition under California statutory law under California Business & Professions Code § 17200 *eq. seq.*

This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b). This Court has jurisdiction over Plaintiff's related claims based on state law pursuant to 28 U.S.C. § 1367.

2. Venue is proper with this Court pursuant to 28 U.S.C. § 1391(b) and (c), as Defendant has targeted their harm and injury to Plaintiff who has a principal place of business in this district; and a substantial part of the events, omissions and acts which are the subject matter of this action occurred within the Central District of California.

## THE PARTIES

3. Plaintiff is a Delaware Corporation with its principal place of business located at 251 N. Bush Street, Santa Ana, CA 92701

4. Plaintiff is informed and believes, and thereon alleges, that Defendant Annie International, Inc., is a Pennsylvania corporation having its principal place of business located at 500 Church Rd. North Wales, PA 19454-4106.

5. The true names and capacities, whether individual, corporate, associate or otherwise, of the DOES Defendants 1 through 10, inclusive, are

unknown to Plaintiff, which therefore sues said DOES Defendants by such fictitious names, Plaintiff will seek leave of this Court to amend this Complaint to include their proper names and capacities when they have been ascertained. Plaintiff is informed and believes, and based thereon allege, that each of the fictitiously named DOES Defendants participated in and are in some manner responsible for the acts described in this Complaint and the damage resulting therefrom.

6.  Plaintiff alleges on information and belief that each of the Defendants named herein as DOES 1 through 10, inclusive, performed, participated in, or abetted in some manner, the acts alleged herein, proximately caused the damages alleged hereinbelow, and are liable to Plaintiff for the damages and relief sought herein.

7.  Plaintiff alleges on information and belief that, in performing the acts and omissions alleged herein, and at all times relevant hereto, each of the Defendants was the agent and employee of each of the other Defendants and was at all times acting within the course and scope of such agency and employment with the knowledge and approval of each of the other Defendants.

## PLAINTIFF'S BUSINESS

8.  Plaintiff has invented, developed and pioneered a widely popular hair twisting system designed to create durable and natural African-American and urban hair coils.  Plaintiff has branded its products under the "Twist It-Up" ® mark and has received wide publicity and fame, including Plaintiff's owner appearing on the hit Television show "Shark Tank," and receiving an investment/business deal with Mr. Mark Cuban (owner of the Dallas Mavericks) (see here:  [Twist It Up Get's A Deal & an UPDATE On Where They Are Now! | Shark Tank US | Shark Tank Global (youtube.com)](#).  For example, Plaintiff has recently appeared on a

popular radio show/podcast with Mark Cuban to promote and market its "TWIST IT UP," product (see here: Noel Durity & Mark Cuban On The 'Twist It Up' Comb, Full Time Entrepreneurship Risks, Rewards + More (youtube.com) https://www.youtube.com/watch?v=KMFCK_bXJRU.  Plaintiff sells its "TWIST IT UP®" Product nationally through a variety of distributors and retailers, online at its website and through online platforms such as Amazon and Ebay.

9. Plaintiff owns a robust intellectual property portfolio relating to its "TWIST IT UP®" branded products.  In particular, Plaintiff owns several patents on the Twist It Up ® product via assignment, including but not limited to, U.S. Patent Nos. 10,368, 623 (the "'623 Patent") and 10,799,006 (the "'006 Patent") and a registered trademark on the "TWIST IT UP" mark in connection with hair combs.  Plaintiff also owns a Trade Dress on the overall appearance and design of its "TWIST IT UP®," product.  Attached as Exhibit "A" is a true and correct copy of the '006 Patent.  Attached as Exhibit "B," is a true and correct copy of the '623 Patent.  Attached as Exhibit "C," is a true and correct copy of U.S. Registration No. 5,600,888.  An example of Plaintiff's "TWIST IT UP®" Product is shown below:



**DEFENDANTS' BUSINESS & INFRINGEMENT**

10. On information and belief, Defendants are in the business of, among other things, beauty and hair products and is a direct competitor of the Plaintiff. As part of their business, Defendants sell, offers to sell, distribute and/or uses a hair comb product, called the "TWIST & PIK" product ("Accused Product/Process") as shown here:



11. Upon information and belief, the Accused Product directly sold on Defendant's own website PrimeX Twist & Pik Comb – Annie International (annieinc.com) (https://www.annieinc.com/collections/essentials/products/primex-twist-pik-comb) and sells and distributes this Accused Product/Process through

various distributors and retailers across the United States, including online retailers such as Amazon.

## FIRST CLAIM FOR RELIEF

**(Patent Infringement ['623 Patent])**

12. Plaintiff realleges each and every allegation set forth in paragraphs 1 through 11, inclusive, and incorporate them herein by this reference.

13. Defendants have practiced and continue to practice in the United States the process that is described in one or more claims of the '623 patent. In particular, the Accused Product/Process practices each and every element of claims 1, 2, 6, and 10.

14. On information and belief, Defendants' infringement of the '623 patent has been and will continue to be willful, wanton and deliberate, with full knowledge and awareness of Plaintiff's patent rights.

15. Plaintiff has been damaged in an amount to be determined at trial, but which is no less than a reasonable royalty, and irreparably injured by Defendants' infringing activities. Plaintiff will continue to be so damaged and irreparably injured unless such infringing activities are enjoined by this Court.

16. Moreover, in light of the willful nature of Defendants' conduct, this case should be deemed "exceptional" under the Patent Laws. As a result, in addition to damages, Plaintiff is entitled to enhanced damages and their attorney's fees and costs incurred herein.

## SECOND CLAIM FOR RELIEF

**(Patent Infringement ['006 Patent])**

17. Plaintiff realleges each and every allegation set forth in paragraphs 1 through 16, inclusive, and incorporate them herein by this reference.

18. Defendants have practiced and continue to practice in the United States the process that is described in one or more claims of the '006 patent. In

particular, the accused product practices each and every element of claims 1, 2, 6, 10, 11, 12, 16, and 20.

19. On information and belief, Defendants' infringement of the '006 patent has been and will continue to be willful, wanton and deliberate, with full knowledge and awareness of Plaintiff's patent rights.

20. Plaintiff has been damaged in an amount to be determined at trial, but which is no less than a reasonable royalty, and irreparably injured by Defendants' infringing activities. Plaintiff will continue to be so damaged and irreparably injured unless such infringing activities are enjoined by this Court.

21. Moreover, in light of the willful nature of Defendants' conduct, this case should be deemed "exceptional" under the Patent Laws. As a result, in addition to damages, Plaintiff is entitled to enhanced damages and their attorney's fees and costs incurred herein.

## THIRD CLAIM FOR RELIEF

**(Federal Trademark Infringement – 15 U.S.C. § 1114)**

22. Plaintiff realleges each and every allegation set forth in paragraphs 1 through 21, inclusive, and incorporate them herein by this reference.

23. Defendants' use of the "TWIST & PIK" mark, including the side silhouette of an African-American head on its packaging, in connection with its hair comb product is likely to cause consumer confusion with Plaintiff's trademark rights.

24. Unless Defendants' use is enjoined, Plaintiff will continue to suffer injury and damage. Defendants' infringement is intentional and Plaintiff is entitled to an injunction, actual damages, and profit disgorgement from Defendants, based on its sales of infringing products/processes.

25. Defendants' actions render this an exceptional case, further entitled Plaintiff to recovery of its attorney's fees and costs of suit as detailed in 15 U.S.C.

§ 1117.

## FOURTH CLAIM FOR RELIEF

### (False Designation of Origin – 15 U.S.C. § 1125(a)(1))

26. Plaintiff realleges each and every allegation set forth in paragraphs 1 through 25, inclusive, and incorporate them herein by this reference.

27. Defendants' use of the mark "TWIST & PIK" mark, including the side silhouette of an African-American head on its packaging, in connection with its hair comb product constitutes a false designation of origin which is likely to cause consumer confusion over sponsorship, endorsement, affiliation, connection, or association with Plaintiff.

28. Unless Defendants' use is enjoined, Plaintiff will continue to suffer injury and damage. Defendants' infringement is intentional and willful and Plaintiff is entitled to an injunction, actual damages, and profit disgorgement from Defendants, based on its sales of infringing products/processes.

29. Defendants' actions render this an exceptional case, further entitled Plaintiff to recovery of its attorney's fees and costs of suit as detailed in 15 U.S.C. § 1117.

## FIFTH CLAIM FOR RELIEF

### (Federal Trade Dress Infringement– 15 U.S.C. § 1125(a)(1))

30. Plaintiff realleges each and every allegation set forth in paragraphs 1 through 29, inclusive, and incorporate them herein by this reference.

31. Plaintiff's image and overall appearance of its "TWIST IT UP" product and/or product packaging, involves many protectable features such as size, shape, color, texture, and graphics, which constitute a protectable Trade Dress. Plaintiff's Trade Dress is non-functional, has acquired secondary meaning, and is confusingly similar to Defendants' accused product/process and Defendants' "TWIST & PIK" accused product/process.

32. Due to the Plaintiff's substantial investments in marketing/advertising, including social media content, Plaintiff's "TWIST IT UP" Trade Dress has acquired secondary meaning among the minds of consumers and is distinguished from other types of products. Thus, Plaintiff has acquired substantial goodwill in its Trade Dress of its "TWIST IT UP®," product.

33. Defendants' use of a substantially similar hair comb design which incorporates numerous features contained in Plaintiff's Trade Dress, including the overall size and shape and use of steel-like strings intertwined in a "tennis racket" style, in combination with the use of the prominent term "TWIST" in the name of its accused product/process results in a likelihood of consumer confusion over sponsorship, endorsement, affiliation, connection, or association with Plaintiff's Trade Dress.

34. Unless Defendants' use is enjoined, Plaintiff will continue to suffer injury and damage. Defendants' infringement is intentional and willful and Plaintiff is entitled to an injunction, actual damages, and profit disgorgement from Defendants, based on its sales of infringing products/processes.

35. Defendants' actions render this an exceptional case, further entitled Plaintiff to recovery of trebled damages and the recovery of its attorney's fees and costs of suit.

## SIXTH CLAIM OF RELIEF

**(California Business & Professions Code §§ 17200 et seq.)**

36. Plaintiff realleges each and every allegation set forth in paragraphs 1 through 34, inclusive, and incorporate them herein by this reference.

37. As described herein, the foregoing acts and conduct of Defendants constitute unlawful business practices under California Business & Professions § 17200, et. seq.

38. Plaintiff has a valid and legally protectable trademark and trade dress rights in its "TWIST IT UP®," product, whose Trademark and Trade Dress are inherently distinctive and through Plaintiff's use and efforts has become associated with the Plaintiff.

39. The above-described acts further constitute business acts that violate 15 U.S.C. § 1125(a), and 35 U.S.C. § 271, and are therefore unlawful.

40. Furthermore, the above-described acts and practices by Defendants have and are likely to continue to confuse, mislead or deceive the general public and therefore constitute unfair and fraudulent business practices in violation of California Business & Professions Code §§ 17200 et. seq.

41. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered actual injury, including monetary damages, as well as suffered injury to its reputation and goodwill.

42. Such harm will continue unless Defendants' acts are enjoined by the Court. Plaintiff has no adequate remedy at law. Defendants, therefore, should be enjoined from continuing the practices described above.

## SEVENTH CLAIM OF RELIEF

**(California Common Law Trademark Infringement**

**[Cal. Bus & Prof. Code § 14200 et. seq.])**

43. Plaintiff realleges each and every allegation set forth in paragraphs 1 through 42, inclusive, and incorporate them herein by this reference.

44. Plaintiff has developed substantial California common law rights in and to its "TWIST IT UP®," mark as fully described herein.

45. Defendants have infringed Plaintiff's trademark by using a similar mark in commerce in the state of California in a way that is likely to cause confusion as to Plaintiff's association, affiliation, sponsorship or endorsement of Defendants' Accused Product/Process.

46. Defendants' infringement is intentional and willful and Plaintiff is entitled to an injunction, actual damages, profit disgorgement and punitive damages from Defendants on its sales of infringing products/processes.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. Actual damages according to proof but Plaintiff believes damages to be no less than $1,000.000.00;

2. A Judgment by the Court that Defendants have infringed the '006 Patent and the '623 Patent;

3. A Judgment by the Court that Defendants have infringed Plaintiff's Trademark Registration No. 5,600,888;

4. A Judgment by the Court that Defendants have infringed Plaintiff's Trade Dress;

5. A Judgment by the Court that Defendants have infringed Plaintiff's California Common Law Trademark Rights;

6. An award of damages for infringement of the '006 Patent and the '623 Patent, together with prejudgment interest and costs, said damages to be trebled by reason of the intentional and willful nature of Defendants' infringement, as provided by 35 U.S.C. § 284;

7. An award of Plaintiff's reasonable attorneys' fees pursuant to 35 U.S.C. § 285 in that this is an exceptional case;

8. An award for damages for infringement of Plaintiff's Trademark Registration No. 5,600,888; together with prejudgment interest and costs, said damages to be enhanced by reason of the intentional and willful nature of Defendants' infringement;

9. An award for damages for infringement of Plaintiff's Trade Dress together with prejudgment interest and costs, said damages to be enhanced by reason of the intentional and willful nature of Defendants' infringement;

10. That Defendants, their officers, directors, agents, servants, employees, and all persons and entities in active concert or participation with them, or any of them, be preliminarily and permanently enjoined and restrained from engaging in further sales of Defendants' infringing products;

11. That Plaintiffs have and recover from Defendants' reasonable attorneys' fees, costs and disbursements relating to this action because this is an "exceptional case" pursuant to the Lanham Act;

12. That the Court grant Plaintiff restitution from Defendants by disgorgement of all profits earned through Defendants' conduct;

13. For restitution of any money or property Defendants wrongfully obtained, pursuant Business and Professions Code section 17203;

14. That any monetary award include pre- and post-judgment interest at the highest rate allowed by law;

15. For costs of suit; and

16. For such other and further relief as the Court may deem just and proper.

DATED: April 3, 2024                    **RHEMA LAW GROUP, P.C.**
                                        By: /s/ *John Tran*
                                        JOHN D. TRAN, ESQ.
                                        Counsel for Plaintiff
                                        TWIST IT UP, INC.