John D. Tran, Esq. (Cal. Bar No. 231761)
Rosalind Ong, Esq. (Cal. Bar No. 234326)
RHEMA LAW GROUP, P.C.
1 Park Plaza Suite 600
Irvine, CA 92614
Telephone: (949) 852-4430
Facsimile: (866) 929-3519
jdt@rhemalaw.com
rto@rhemalaw.com

Attorneys for Plaintiff
Twist It Up, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| TWIST IT UP, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ANNIE INTERNATIONAL INC., a Pennsylvania corporation and DOES 1-10,<br><br>Defendants. | Case No: 8:24-cv-00736-DMG-ADS<br><br>**JOINT RULE 26(f) REPORT**<br><br>**SCHEDULING CONFERENCE set for**<br>**August 2, 2024 at 09:30 AM**<br><br>**Hon. Dolly M. Gee**<br>**United States District Judge** |

TWIST IT UP, INC., ("Plaintiff," "Counter-defendant," or "TWIST"), and Defendant ANNIE INTERNATIONAL, INC. ("Defendant," "Counterclaimant," or "ANNIE") hereby submit the following Joint Rule 26(f) Report in compliance with the Federal Rules of Civil Procedure:

1. **Synopsis**

   **TWIST's Position:**

   TWIST is in the business of providing the manufacture, distribution, and sale of beauty products, specifically including, but not limited to, unique and distinctive hair combs, and shampoos, conditioners and gels.

   In particular, TWIST has invented, developed and pioneered a widely popular hair twisting system designed to create durable and natural African-American and urban hair coils. TWIST has branded its products under the "Twist It-Up" ® mark and has received wide publicity and fame, including TWIST's owner appearing on the hit Television show "Shark Tank," and receiving an investment/business deal with Mr. Mark Cuban (owner of the Dallas Mavericks) (see here: [Twist It Up Get's A Deal & an UPDATE On Where They Are Now! | Shark Tank US | Shark Tank Global (youtube.com)](#)). For example, TWIST has appeared on a popular radio show/podcast with Mark Cuban to promote and market its "TWIST IT UP," product (see here: [Noel Durity & Mark Cuban On The 'Twist It Up' Comb, Full Time Entrepreneurship Risks, Rewards + More (youtube.com)](#) https://www.youtube.com/watch?v=KMFCK_bXJRU. TWIST sells its "TWIST IT UP®" Product nationally through a variety of distributors and retailers, online at its website and through online platforms such as Amazon and Ebay. As a result, TWIST's "Twist It Up®" hair comb has become a highly successful product and has garnered substantial goodwill and notoriety among the general public and ordinary purchasing consumer.

TWIST has invested substantial time and money to develop its innovative products and based on such, Plaintiff owns a robust intellectual property portfolio relating to its "TWIST IT UP®" branded products to protect its investments and ideas.  In particular, Plaintiff owns two patents on the Twist It Up ® product via assignment, including but not limited to: 1) U.S. Patent No. 10,799,006 (the "'006 Patent"); (2) U.S. Patent Nos. 10,368, 623 (the "'623 Patent"); and (3) a registered trademark, U.S. Registration No. 5,600,888 (the "'888 Registration") on the "TWIST IT UP" mark in connection with hair combs.  TWIST also owns a Trade Dress on the overall appearance and design of its "TWIST IT UP®," product.  An example of Plaintiff's "TWIST IT UP®" Product is shown below:



On information and belief, Defendant is in the business of, among other things, beauty and hair products and is a direct competitor of TWIST.  As part of their business, Defendant sells, offers to sell, distributes and/or uses a hair

comb product, called the "TWIST & PIK" product ("Accused Product/Process") as shown here:



Upon information and belief, the Accused Product directly sold on Defendant's own website PrimeX Twist & Pik Comb – Annie International (annieinc.com) (https://www.annieinc.com/collections/essentials/products/primex-twist-pik-comb) sells and distributes this Accused Product/Process through various distributors and retailers across the United States, including online retailers such as Amazon.

Upon information and belief, Defendant's Accused Product contains instructions on its packaging and website as a metal twist comb, that "twist their hair" and displays a picture of how to press the strings into hair for twisting.

On October 20, 2023, Plaintiff sent a cease-and-desist letter to Defendant notifying Defendant of TWIST's '623 Patent, '006 Patent, trademark and trade

dress rights, but did not receive any response.  On November 23, 2023, TWIST sent a final cease-and-desist letter to Defendant, but again did not receive a response.   As a result of Defendant's lack of response to TWIST's cease and desist demands and continued infringing activities, TWIST was required to file this present complaint for patent infringement, trademark infringement, trade dress infringement, and related unfair competition claims.

As detailed in TWIST's first amended complaint (DKT 15), Twist contends that Defendant's "Twist & Pik" accused product infringes at least claim 1 of the '006 and '623 patent and that Defendant's infringement is willful.  TWIST also contends that Defendant's "Twist & Pik" accused product infringes TWIST's '888 Trademark Registration by prominently using the prominent term "Twist," with a silhouette of an African-American male in connection with the substantially similar hair comb, which is likely to confuse the public and ordinary purchasing consumers as to the source of the Defendant's "Twist & Pik" accused product being associated, sponsored, affiliated, and/or connected with TWIST.  TWIST contends that the Defendant intentionally infringed TWIST"s trademark in order to palm-off the goodwill of TWIST"s reputation, success, and notoriety.  TWIST further contends that Defendant intentionally infringed TWIST"s trade dress by purposefully creating a substantially similar hair comb, with a similar mark ("Twist") and product packaging that incorporates the overall same distinctive circular portable "racket" style head design and product packaging that is likely to cause confusion in the mind of the purchasing public.

TWIST also believes that Defendant has falsely patent marked its infringing product in order to unfairly compete with TWIST and seeks to pursue adding additional claims of false advertisement, and false patent marking after conducting some discovery in this matter.

**Defendant's Position:**

Defendant denies the allegations set forth by Plaintiff in the complaint regarding infringement and unfair competition claims. Defendant denies that it has infringed any patent, trademark, or trade dress rights belonging to Plaintiff, and denies that it has any liability to Plaintiff.

As detailed in the complaint, Defendant asserts counterclaims for declarations of non-infringement and invalidity against Plaintiff's alleged patents, trademark, and trade dress rights. Defendant further asserts counterclaims against Defendant for the violation of Section 43 of Lanham Act, violation of Unfair Competition Law (Cal. Bus. And Prof. Code §§ 17200 et seq.), Intentional Interference with Prospective Economic Relationship, and Negligent Interference with Prospective Economic Relationship.

### 2. Legal Issues

**TWIST's Position:**

This is a case involves the legal issues comprising of: 1). Defendant's infringement of TWIST's patents; 2). Defendant's infringement of TWIST's trademark; 3). Defendant's infringement of TWIST's trade dress; 4). Defendant's unfair competition; 5). Whether Defendant's infringement was willful; 6). Damages; and 7). Injunctive Relief. This case further potentially involves the legal issues of 8). Whether Defendant falsely advertised its accused "Twist & Pik" product; and 9). Whether Defendant falsely patent marked its "Twist & Pik: accused product.

**Defendant's Position:**

The legal issues in the case concern patent, trademark, and trade dress claims, including infringement/non-infringement and validity/invalidity issues, as well as other issues raised in counterclaims including violation of Section 43 of

Lanham Act, violation of Unfair Competition Law (Cal. Bus. And Prof. Code §§ 17200 et seq.), Intentional Interference with Prospective Economic Relationship, and  Negligent Interference with Prospective Economic Relationship.

### 3. Parties

1. Twist It Up, Inc., a Delaware Corporation with its principal place of business located at 251 N. Bush Street, Santa Ana, CA 92701.
2. Annie International, Inc., a Pennsylvania corporation having its principal place of business located at 500 Church Rd. North Wales, PA 19454.

### 4. Damages

**TWIST's position**:

1. Attorney's Fees and costs in prosecuting this lawsuit determined by the hourly fees of TWIST's counsel multiplied by the number of hours spent working on this action, and costs associated with the action.

2. Actual damages as determined by calculating lost sales. Lost sales may be determined by multiplying the drop in market share that TWIST suffered as a result of Defendant's infringing activity by the total market size for TWIST's products, the product of which, in turn, is multiplied by TWIST"s profit margin. Or, lost sales may be determined by taking TWIST's average number of sales of its products at issue over a determined time frame prior to the Defendant's infringement and comparing that number with the average number of TWIST's sales of its products at issue since the infringement; and multiplying that difference by TWIST's profit margin for such products.

3. Reasonable royalty rate for each sale of each of TWIST's patented products and "TWIST IT UP®" branded products calculated by determining the

reasonable value of a license to TWIST"s patent, trademark and/or trade dress rights multiplied by the number of Defendant's sales of its infringing products.

 4. Defendant's profits, calculated by determining gross revenue (Defendant's retail sales price multiplied by number of the sales) earned by the infringing party(ies) from the sale of any infringing products.

 5. Diminution in value of TWIST"s trademark and trade dress based on the dilution of the trademark and trade dress due to Defendant's infringement.

 6. Statutory damages according to 15 U.S.C. § 1117, et seq.

 7. Treble damages according to 15 U.S.C. § 1117, et seq., as determined by multiplying the Plaintiff's actual damages by a multiple of 3.

 8. Statutory and treble damages according to 15 U.S.C. § 1125.

 9. Statutory and treble damages according to 35 U.S.C. § 284.

 8. Restitution as determined by calculating the monies which wrongfully taken by Defendant through unfair competition.

**Defendant's Position:**

Defendant does not believe that Plaintiff is entitled to any damages.

Defendant will seek damages, as provided by the federal and state laws, in an amount to be enhanced/trebled in accordance with such laws including the following:

 1. Punitive damages in a sum to be determined at trial, on the basis of Defendant's counterclaims;

 2. Any money or property which may have been acquired by Plaintiff by means of unfair competition under Cal. Bus. And Prof. Code §§ 17200 et seq;

 3. Economic loss to Defendant, including financial losses, such as lost profits, future contracts, and other economic benefits, as well as compensation for expected profits and benefits that would not have been lost without Plaintiff's

interference with Defendant's economic relationships;

    4. Damages available under 15 U.S. Code § 1117 for violation of Section 43 of Lanham Act;

    5. Attorney's fees and costs; and

    6. Pre-judgment and post judgment interest at the maximum legal rate.

**5. Insurance**

**TWIST's Position:**

TWIST is currently unaware of insurance that covers this action.

**Defendant's Position:**

    Defendant is currently not aware of any insurance covering any aspect of this case.

**6. Motions**

**TWIST's Position:**

TWIST anticipates the potential of adding additional parties to this matter depending on developments in discovery as to Defendant's partners, retailers, manufacturers and/or distributors that may assisting, contributing, and/or inducing infringement of TWIST"s patent, trademark and/or trade dress rights.  TWIST further anticipates filing a motion for full or partial summary judgment on issues of infringement.

    **Defendant's Position:**

    Defendant has not yet determined whether it expects to file motions seeking to add other parties or claims, or file amended pleadings. Defendant anticipates filing a motion for full or partial summary judgment on issues of non-infringement and invalidity of Plaintiff's alleged patents, trademark, and trade dress.

**7. Discovery and Experts**

The Parties do not feel the need to set phases for the discovery or limit the discovery in any way beyond the Federal Rules. The Parties' proposed timing for expert disclosures and discovery are set forth in Exhibit A.

**TWIST's Position:**

TWIST anticipates taking less than five (5) depositions. TWIST anticipates designating several experts on the issue of infringement and damages.

**Defendant's Position:**

Defendant anticipates taking less than five (5) depositions. Defendant anticipates designating experts on at least the issues of non-infringement and invalidity. Defendant served its First Set of Requests for Production of Documents and Things to Plaintiff on July 17, 2024.

**8. Discovery Plan – FRCP 26(f) (3)(A)-(F)**

The Parties' discovery plan addressing the FRCP 26(f) (3)(A)-(F) topics is set forth below:

8.1. FRCP 26(f)(3)(A) – Disclosures Under 26(a)

The Parties do not believe that any changes need to be made to the form or requirements for disclosure under Rule 26(a).

8.2. FRCP 26(f)(3)(B) – Scope of Discovery

The Parties anticipate that fact discovery will be needed on all the issues set forth in Plaintiff's operative complaint and Defendant's answer, defenses, and counterclaims. The Parties do not believe it will be necessary to conduct discovery in phases.

8.3. FRCP 26(f)(3)(C) – Electronically Stored Information

The Parties submit that electronically stored information should be produced

in pdf format if possible. In the alternative, upon request by one of the Parties, electronically stored information should be produced in a format that preserves specific and important metadata to the extent possible, because such metadata may be important for a variety of purposes, including follow up discovery, assessing privilege in some circumstances, and authenticating the documents. The documents shall be Bates stamped in a manner that shows which Party produced the document.

 8.4. FRCP 26(f)(3)(D) – Privilege and Work Product Issues

The Parties do not anticipate any issues regarding privilege or work product. Regardless, the Parties will seek to resolve such issues as they may arise based on the procedures set forth in a Stipulated Protective Order for discovery matters, described below under FRCP 26(f)(3)(F).

 8.5. FRCP 26(f)(3)(E) – Changes to FRCP/Local Rule Limitations on Discovery

The Parties do not believe it is necessary to alter the limitations regarding discovery set forth in the Federal Rules of Civil Procedure or the Local Rules, and do not believe any other limitations on discovery need be ordered at this time.

 8.6. FRCP 26(f)(3)(F) – Protective Order

The Parties anticipate that discovery in this case will require each to produce information that may be confidential and/or proprietary. Accordingly, the Parties intend to request entry of a Stipulated Protective Order for discovery matters in this case.

**9. Dispositive Motions**

The Parties' proposed motion cut-off dates are set forth in Exhibit A.

**TWIST's Position:**

TWIST anticipates filing a motion for full or partial summary judgment at the end of discovery.

**Defendant's Position:**

Defendant anticipates filing motions for summary judgment and/or partial summary judgment or other dispositive motions.

**10. Settlement and Settlement mechanism:**

The Parties' proposals regarding the cutoff date for Settlement Conference are set forth in Exhibit A.

**TWIST's Position:**

Both parties' owners/decision makers have had some settlement discussions outside the presence of counsel. TWIST has sent Defendant's counsel a formal settlement demand but, to the present date, TWIST has not received any proposed settlement terms our counteroffers from the Defendant.

**Defendant's Position:**

Defendant proposes ADR procedure before a Magistrate Judge to resolve the issues in the case.

**11. Trial Estimate**

**TWIST's Position:**

Plaintiff anticipates a 5-day jury trial, calling 3 to 6 witnesses. TWIST reserves the right to amend this response as more information comes to light through discovery.

**Defendant's Position:**

Defendant estimates 5 court days for a jury trial. Defendant currently expects to call 6-8 witnesses. Defendant reserves the right to amend this response as more information comes to light through discovery.

**12. Timetable/Proposed Trial Dates**

See Attached Proposed Schedule of Pre-Trial & Trial Dates Worksheet.

### 13. Other issues:

13.1.  L.R. 26-1(e) – Additional Parties

The Parties reserve the right to seek to join additional parties if warranted by the facts and circumstances of the case in accordance with the deadline for such joinder as ordered by the Court.

13.2.  Additional Proposals to Streamline the Case and Manage Trial

The Parties agree that all papers will be served by email, and email service shall be deemed hand service for purposes of counting time under the FRCP.

### 14. Conflicts

**TWIST's Position:**

Plaintiff does not have a subsidiary, parent corporations, or affiliates.

**Defendant's Position:**

Defendant does not have a subsidiary, parent corporations, or affiliates

RHEMA LAW GROUP, P.C.

Dated: July 18, 2024        By  /s/ John Tran
                               John D. Tran
                               Rosalind T. Ong
                               Attorneys for Plaintiff/Counterdefendant
                               Twist It Up, Inc.

TROJAN LAW OFFICES

Dated: July 18, 2024        By: /s/ Joseph Trojan
                               R. Joseph Trojan, SBN 137,067
                               Attorney for Defendant/Counterclaimant
                               Annie International, Inc.