**RHEMA LAW GROUP, P.C.**
John D. Tran, Esq. SBN 231761
Rosalind T. Ong, Esq. SBN 234326
1 Park Plaza, Suite 600
Irvine, California 92614
Telephone:  (949) 852-4330
Facsimile:   (866) 929-3519
Email: jdt@rhemalaw.com
Email: rto@rhemalaw.com

Attorneys for Plaintiff & Counter-Defendant TWIST IT UP, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWIST IT UP, INC., a Delaware corporation,<br><br>           Plaintiff,<br><br>     v.<br><br>ANNIE INTERNATIONAL, INC., a Pennsylvania corporation and DOES 1-10,<br><br>           Defendants. | CASE NO.: 8:24-cv-00736-DMG-ADS<br><br>**PLAINTIFF TWIST IT UP, INC.'S OPPOSITION TO DEFENDANT ANNIE INTERNATIONAL, INC.'S MOTION TO STRIKE FRCP RULE 30(e) ERRATA CORRECTIONS**<br><br>Hearing Date: June 27, 2025<br>Time: 3:00p.m. |

AND RELATED COUNTERCLAIM

Plaintiff Twist It Up, Inc.'s Opposition to Motion to Strike Rule 30(e) Errata Corrections

Plaintiff Twist It Up, Inc. ("Twist") respectfully submits this Opposition to Defendant Annie International Inc.'s ("Defendant") Motion to Strike Corrections to Plaintiff's FRCP 30(b)(6) Deposition Transcript.

**I. INTRODUCTION**

Federal Rule of Civil Procedure 30(e) permits a deponent to make changes "in form or substance" to their deposition testimony. Plaintiff's designated 30(b)(6) witness, Mr. Noel Durity, made clarifications to certain deposition answers to ensure the record accurately reflects his intended meaning. Defendant seeks to strike these corrections by mischaracterizing them as "contradictory" or "sham" testimony. However, each correction includes a legitimate explanatory reason, and none of the changes constitute improper retractions or fabrications. Defendant's motion misstates both the law and the context of the testimony.

**II. LEGAL STANDARD**

Rule 30(e)(1)(B) provides:

"If there are changes in form or substance, [the deponent] must sign a statement listing the changes and the reasons for making them."

The Ninth Circuit in *Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217 (9th Cir. 2005), limited the use of Rule 30(e) to prohibit "sham" corrections that create material disputes solely to evade summary judgment. However, courts distinguish such improper alterations from permissible clarifications, particularly when the errata sheet provides valid reasoning and does not attempt to contradict clear testimony without explanation. See *Lewis v. CCPOA*, 2009 WL 890585, at *4 (E.D. Cal. Mar. 31, 2009); *Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 98, 103 (2d Cir. 1997).

**III. ARGUMENT**

**A. The Corrections Are Permissible Clarifications, Not Contradictions**

1. <u>Clarification of "Common" Usage</u>

Mr. Durity originally testified that using tennis rackets to twist hair was "common." His errata clarification explains that he personally observed a few individuals (including himself) using tennis rackets, but it was not a widespread or culturally normative practice. This clarification provides additional context and specificity, as permitted under Rule 30(e), and is consistent with his prior testimony describing his personal experience. Declaration of John D. Tran at ¶2, Ex. A.

2. <u>Design vs. Functionality of Stainless-Steel Grid</u>

Corrections addressing the stainless-steel comb grid do not contradict earlier statements. Rather, they provide context: the design choice was motivated by branding aesthetics, not superior hair-twisting functionality. This clarification is essential to understanding Plaintiff's trade dress argument and does not negate the fact that the comb is function bb al—it simply explains Plaintiff's motivations behind the material selection.

**B. The Corrections Were Accompanied by Proper Explanatory Statements**

Each change was accompanied by a reason: "clarifying a general statement." This satisfies the procedural requirement of Rule 30(e). Courts regularly allow clarifications to testimony that, though substantive, help clarify imprecise phrasing. See *James v. Claussen*, 2022 WL 1120273, at *3 (C.D. Cal. Apr. 14, 2022) (denying motion to strike clarifying corrections).

**C. Defendant Misrepresents the Nature and Scope of the Changes**

Defendant selectively isolates deposition excerpts and treats nuanced corrections as categorical reversals. The original testimony often contained informal language or lacked context. Plaintiff's errata aim to resolve those ambiguities, not

obscure facts. Moreover, Defendant retains the ability to cross-examine the witness at trial or highlight any perceived inconsistencies before the jury.

### D. Courts Disfavor Striking Corrections Absent Prejudice

Striking errata is a drastic remedy, especially when Defendant has not demonstrated prejudice. Courts have emphasized that unless the corrections were submitted in bad faith or solely to defeat summary judgment, they should remain part of the record. See *Hernandez v. Polanco Enters., Inc.*, 19 F. Supp. 3d 918, 931 (N.D. Cal. 2013).

### IV. CONCLUSION

For the foregoing reasons, the Court should DENY Defendant's Motion to Strike the deposition corrections. The changes comply with Rule 30(e), are supported by legitimate clarifications, and reflect a good-faith effort to ensure testimonial accuracy.

Respectfully submitted,

DATED: June 6, 2025   RHEMA LAW GROUP, P.C.

By:   /johntran/
John D. Tran
Attorneys for Plaintiff
TWIST IT UP, INC.