UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | SA CV 24-736-DMG (ADSx) | Date | June 26, 2025 |
|---|---|---|---|

| Title | *Twist It Up, Inc. v. Annie International, Inc.* | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DOMINIQUE CARR | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: [IN CHAMBERS] ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED ON RHEMA LAW GROUP PC**

On May 23, 2025, Defendant Annie International, Inc. filed a motion to strike certain corrections Plaintiff Twist It Up, Inc. made to the deposition of its corporate representative, Noel Durity. [Doc. # 29 ("MTX").] Defendant asserts that the "corrections" improperly amount to wholesale changes to Durity's testimony to manufacture material factual disputes and evade summary judgment. [Doc. # 29-2 at 2.] On June 6, 2025, Plaintiff filed its opposition to the MTX. [Doc. # 36 ("Opp.")]; *see also* [Doc. # 39 ("Reply")]. The MTX and a motion for summary judgment ("MSJ") filed by Defendant are set for hearing June 27, 2025 at 3:00 p.m.

Review of Plaintiff's Opposition to the Motion to Strike reveals that the author of the Opposition appears to have relied upon artificial intelligence ("AI") to generate portions of the filing. The Opposition contains five citations purportedly to orders or opinions from other courts. Two of these citations refer to non-existent legal authority, as the Court cannot locate any such case matching the information provided by Plaintiff. *See* Opp. at 2, 3 (citing "*Lewis v. CCPOA*, 2009 WL 890585, at *4[1] (E.D. Cal. Mar. 31, 2009)" and "*James v. Claussen*, 2022 WL 1120273, at *3 (C.D. Cal. Apr. 14, 2022) (denying motion to strike clarifying corrections)."). In fact, far from "denying motion to strike clarifying corrections," the document under Westlaw case identifier "2022 WL 1120273" is an appellee's brief in a criminal manslaughter action in the Court of Appeals of the State of Texas. And a third citation, while accurate, leads to an order having nothing to do with depositions, corrections to depositions, or the sentence it purports to support: "[c]ourts have emphasized that unless the corrections were submitted in bad faith or solely to defeat summary judgment, they should remain part of the record." Opp. at 4; *see Hernandez v. Polanco Enters., Inc.*, 19 F. Supp. 3d 918, 931 (N.D. Cal. 2013).

---

[1] The citation to *Lewis* may be intended to refer to *Lewis v. The CCPOA Benefit Tr. Fund*, No. C-08-03228-VRW DMR, 2010 WL 3398521, at *2–*4 (N.D. Cal. Aug. 27, 2010), addressing a motion to strike deposition changes, striking a number of those changes, but finding that on the whole, the changes did not amount to a "sham." The citation in the Opposition Brief, however, refers to a different Westlaw case identifier, a different court, and a different date.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | SA CV 24-736-DMG (ADSx) | Date | June 26, 2025 |
|---|---|---|---|
| Title | *Twist It Up, Inc. v. Annie International, Inc.* | Page | 2 of 2 |

    Citation to nonexistent legal authority and to cases that do not include the proposition for which they are cited is improper under Federal Rule of Civil Procedure 11. Pursuant to that Rule, attorneys who file briefs in this Court certify that the legal and factual contentions therein are not frivolous. Fed. R. Civ. P. 11(b). Violation of this rule is an appropriate ground for sanctions after notice and a reasonable opportunity to respond. *See also Yagman v. Republic Ins.*, 987 F.2d 622, 628 (9th Cir. 1993) ("A violation of [Rule 11] does not require subjective bad faith.").[2] Sanctions may be imposed on "any attorney, law firm, or party" that violated the rule, although "[a]bsent exceptional circumstances," a law firm must be held jointly responsible for its attorney's misconduct. Fed. R. Civ. P. 11(c)(1). The Court may *sua sponte* impose monetary sanctions if it issues a show cause order under Rule 11(c)(3) "before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned." Fed. R. Civ. P. 11(c)(5); *see also* Doc. # 35, *Flowz Digital LLC v. Caroline Dalal, et al.*, CV 25-709-SB (PVCx) (C.D. Cal. May 30, 2025) (imposing $3,500 in sanctions payable by an attorney who admitted he used AI to prepare a brief that cited irrelevant and nonexistent cases).

    The Court accordingly **ORDERS** attorney John D. Tran—and any other attorney responsible for the portions of the Opposition discussed herein—to appear personally at the MSJ hearing set for June 27, 2025 at 3:00 p.m. The attorney(s) shall be prepared to address the Court's concerns regarding the use of AI in the Opposition, including disclosing whether AI was used and why counsel did not independently check the citations before filing the Opposition. The attorney(s) shall further be prepared to address why the Court should not impose monetary sanctions to be paid by Rhema Law Group PC and refer the attorney to the Court's Standing Committee on Discipline.

**IT IS SO ORDERED**.

---

    [2] A court also has the inherent authority to levy sanctions against a party or attorney for, *inter alia*, acting in "bad faith" or for otherwise "willfully abus[ing] judicial processes." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980).